# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

DR. SAM LEBARRE HORTON, on behalf    )
of himself and all other entities and persons    )
similarly situated,    )
        )
                      Plaintiff,    )
        )
v.    )           Case No. 17-cv-0266-CVE-JFJ
        )
MOLINA HEALTHCARE, INC.,    )
        )
                      Defendant.    )

## OPINION AND ORDER

This matter came before the Court on plaintiff's motion (Dkt. # 112) for preliminary approval of the proposed class action settlement (the "Settlement") of the above-captioned case (the "Action"). The Action was brought by plaintiff Dr. Sam LeBarre Horton ("Class Plaintiff" or "Class Representative"), individually and on behalf of all others similarly situated against defendant Molina Healthcare, Inc. ("Defendant" or "Molina") (together, with Class Plaintiff, the "Parties"). Based on this Court's review of the Parties' April 18, 2019 Settlement Agreement (the "Settlement Agreement"), Class Plaintiff's motion for preliminary approval of proposed class action settlement (Dkt. # 112), and the arguments of counsel, the Court finds based on good cause:

1. <u>Settlement Terms</u>. Unless otherwise defined herein, all terms in this Opinion and Order shall have the meanings ascribed to them in the Settlement Agreement.

2. <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the Action, the Parties, and all persons in the Settlement Class.

3. <u>Scope of Settlement</u>. The Settlement Agreement resolves all claims alleged in the Class Action Complaint filed in the District Court of Rogers County, Oklahoma on April 7, 2017, amended (before service) on April 12, 2017, thereafter removed to this Court on May 11,

2017, and as amended finally on August 17, 2019.

4. <u>Preliminary Approval of Proposed Settlement Agreement</u>. The Court has conducted a preliminary evaluation of the proposed Settlement as set forth in the Settlement Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that: (a) the proposed Settlement Agreement is fair, reasonable, and adequate, and within the range of possible approval; (b) the Settlement Agreement has been negotiated in good faith at arms' length between experienced attorneys familiar with the legal and factual issues of this case aided by an experienced and neutral third-party mediator; and (c) with respect to the forms of notice of the material terms of the Settlement Agreement to persons in the Settlement Class for their consideration and reaction (Exhibit B to the Settlement Agreement, Dkt. # 112-1, at 35), the notice is appropriate and reasonable. Therefore, the Court grants preliminary approval of the Settlement, as follows.

5. <u>Class Certification for Settlement Purposes Only</u>. The Court, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Class:

> All persons with cases and claims against Molina arising out of the sending of unsolicited facsimiles in connection with Molina's network builds by Southwest Medical Consulting, LLC for the class period from April 12, 2013 to the present. Excluded from the Settlement Class are Molina, and any affiliate, subsidiary or division of Molina, along with any employees thereof, and any entities in which any of such companies have a controlling interest; Southwest, along with any employees or owners thereof; as well as all persons who validly opt-out of the Settlement Class.

6. In connection with this preliminary certification, the Court makes the following preliminary findings:

(a) The Settlement Class appears to be so numerous that joinder of all members is impracticable;

(b) There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the Settlement should be approved;

(c) The Class Representative's claims appear to be typical of the claims being resolved through the proposed Settlement;

(d) The Class Representative appears to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the Settlement;

(e) For purposes of determining whether the Settlement Agreement is fair, reasonable, and adequate, common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

(f) For purposes of settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class.

7. <u>Class Representative</u>. The Court appoints Class Plaintiff to act as representative of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8. <u>Class Counsel</u>. The Court appoints the following as Class Counsel for the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> J. Gerard Stranch, IV
> Joe P. Leniski, Jr.
> BRANSTETTER, STRANCH & JENNINGS, PLLC
> The Freedom Center
> 223 Rosa Parks Ave., Ste. 220
> Nashville, TN 37203
>
> James A. Streett
> STREETT LAW FIRM, P.A.
> 107 West Main
> Russellville, AR 72801

Jason B. Aamodt, OBA No. 16974
INDIAN AND ENVIRONMENTAL LAW GROUP
204 Reunion Center
Nine East Fourth Street
Tulsa, Oklahoma 74103

9. Final Approval Hearing.  At **9:30 a.m. on August 28, 2019**, in Courtroom 2, Fourth Floor, United States Courthouse, 333 West Fourth Street, Tulsa, OK, 74103, or at such other date and time later set by Court order, this Court will hold a Final Approval Hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement and to determine whether (a) final approval of the Settlement embodied by the Settlement Agreement should be granted, and (b) Class Counsel's application for attorneys' fees and expenses, and incentive award to Class Plaintiff should be granted, and in what amount.  No later than **July 28, 2019**, Class Plaintiff must file papers in support of Class Counsel's application for attorneys' fees and expenses and the incentive awards to the Class Representatives.  No later than **August 14, 2019**, Class Plaintiff must file papers in support of final approval of the Settlement and respond to any written objections. Defendant may (but is not required to) file papers in support of final approval of the Settlement, so long as they do so no later than **August 21, 2019**.

10. Settlement Claims Administrator.   The Court will appoint, within 14 days of this Opinion and Order, a Claims Administrator based on the advice of plaintiff's counsel.  The Claims Administrator will be required to perform all the duties of the Claims Administrator as set forth in the Settlement Agreement and this Opinion and Order.

11. Class Notice.  The Court approves the proposed plan for giving notice to the Settlement Class directly (using mail) and through publication via establishment of a Settlement Website, as more fully described in Plaintiffs' Motion ("Notice Plan").  The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice

practicable under the circumstances. The Court hereby directs the Parties and the Claims Administrator to complete all aspects of the Notice Plan no later than **June 11, 2019** ("Settlement Notice Date").

12. Filing Proof of Notice. The Claims Administrator will file with the Court by no later than **August 14, 2019**, which is fourteen (14) days prior to the Final Approval Hearing, proof that notice was provided in accordance with the Settlement Agreement and this Opinion and Order.

13. Deadline for Settlement Class Members to Submit a Claim Form. Persons in the Settlement Class who did not receive unsolicited facsimiles but are listed as having received a facsimile, who received a different number of unsolicited facsimiles than reflected on the Claim Form, and/or whose mailing address needs to be updated, must complete, sign, and return the Claim Form (Exhibit A to the Settlement Agreement, Dkt. # 112-1, at 33) to the Claims Administrator no later than **August 11, 2019**.

14. Objection and Opt-Out Deadline; Opt-Out/Exclusion from the Settlement Class. Persons in the Settlement Class who wish to either object to the Settlement or request to opt-out/exclude themselves must do so by **August 11, 2019**, which is the first business date sixty (60) calendar days after the Settlement Notice Date. Persons in the Settlement Class may not both object and opt-out/exclude themselves from the proposed Settlement. If a person both requests to opt-out/exclude and objects, the request to opt-out/exclude will control.

Persons in the Settlement Class may opt-out/exclude themselves from this Settlement by submitting a written request containing all of the information described in this section, in the Settlement Agreement, and on the Class Notice to the Claims Administrator. Such request may be made by mail, fax, or via the Settlement Website. To be valid, opt-out requests must be sent to the Claims Administrator no later than **August 11, 2019**. Exclusion requests must: (a) be

signed (if sent by mail or fax) or electronically signed (if submitted via the Settlement Website); (b) include the full name, address, and facsimile telephone of the person(s) requesting exclusion; and (c) include the following statement: "I/we request to be excluded from the class settlement in *Dr. Sam LeBarre Horton v. Molina Healthcare, Inc.*, Case No. 4:17-cv-00266-CVE-JFJ." No exclusion request will be considered unless all of the information described above is included. A request to be excluded that is sent by means other than that as designated in the notice, or that is not timely received by the Claims Administrator, shall be invalid. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person, may opt-out/exclude any other person in the Settlement Class from the Settlement Class.

15. <u>Filing Opt-Out Requests</u>. The Claims Administrator will retain a copy of all opt-out requests. No later than **August 14, 2019**, the Claims Administrator will file under seal with the Court a declaration that lists all of the opt-out requests received.

16. <u>Effect of Opt-Out</u>. If a timely and valid opt-out request is made by a person(s) in the Settlement Class, then the Settlement Agreement and any determinations and judgments concerning it will not bind the excluded person(s).

17. <u>Settlement Class Members Bound</u>. All Settlement Class Members will be bound by all determinations and judgments concerning the Settlement Agreement.

18. <u>Objections to the Settlement</u>. To object to the Settlement, Settlement Class Members must follow the directions in the Class Notice and file a written objection with the Court by the objection deadline. In order to be heard, the Settlement Class Member must make any objection in writing and file it with the Court no later than **August 11, 2019**. In order to be heard, the objection must also be mailed to each of the following, postmarked no later than **August 11, 2019**: (a) Class Counsel – J. Gerard Stranch, IV or Joe P. Leniski, Jr., Branstetter, Stranch &

Jennings, PLLC, 223 Rosa Parks Avenue, Suite 200, Nashville, Tennessee 37203; and (b) Molina's Counsel – Mary Quinn Cooper, McAfee & Taft, Williams Center Tower II, Two West Second Street, Suite 1100, Tulsa, Oklahoma 74103.  In the written objection, the objector must set forth: (1) the name and case number of the Action; (2) the objector's full name, address, and facsimile telephone number; (3) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (4) all grounds for the objection, accompanied by any legal support for the objection known to the objector or his or her counsel; (5) the identity of any counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection; (6) the identity of all counsel representing the objector who will appear at the Final Approval Hearing; (7) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; (8) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and (9) the objector's signature (an attorney's signature is not sufficient).

19. Failure to Properly Object.  Any Settlement Class Member who fails to comply with Paragraph 18 (and as detailed in the Class Notice) will not be permitted to object to the Settlement Agreement at the Final Approval Hearing, will be foreclosed from seeking any review of the Settlement Agreement by appeal or other means, will be deemed to have waived his, her, or its objections, and will be forever barred from making any objections in the Action or any other related action or proceeding.  All Settlement Class Members will be bound by all determinations and judgments in the Action, whether favorable or unfavorable to the Settlement Class.

20. Stay of Other Proceedings.  Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the Action are stayed.  If the Settlement is terminated or final approval does not for any reason occur, the stay will be

immediately terminated.

21. <u>Injunction</u>. Pending the final determination of whether the Settlement should be approved, the Class Representative and all persons in the Settlement Class are hereby stayed and enjoined from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral, or other forum, against any of the Released Parties. Such injunction will remain in force until the Court enters the Final Approval Order or until such time as the Parties notify the Court that the Settlement has been terminated. Nothing herein will prevent any person in the Settlement Class, or any person actually or purportedly acting on behalf of any such person(s), from taking any actions to stay or dismiss any Released Claim(s). This injunction is necessary to protect and effectuate the Settlement Agreement, this Opinion and Order, and the Court's flexibility and authority to effectuate the Settlement Agreement and to enter judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments. This injunction does not apply to any person who requests to opt-out/exclude themselves from the Settlement pursuant to Paragraph 14 of this Opinion and Order.

22. <u>If Settlement Is Not Consummated</u>. If the proposed Settlement is not approved or consummated for any reason whatsoever, the proposed Settlement and all proceedings in connection with the proposed Settlement will be without prejudice to the right of the Released Parties or the Class Representative to assert any right or position that could have been asserted if the Settlement Agreement had never been reached or proposed to the Court, except insofar as the Settlement Agreement expressly provides to the contrary. In such an event, the Parties will return to the *status quo ante* in the Action and the certification of the Settlement Class will be deemed vacated and be of no further force or effect. Should the final determination of whether

the proposed Settlement should be approved be withheld or not granted for any reason, or should the Settlement Agreement not become effective for any reason, the entire Settlement Amount, including any amounts advanced from the Settlement Amount in the Escrow Account for the costs of Class Notice and settlement administration but not yet spent, shall be returned to Molina with all applicable interest, except that in the event the Settlement Agreement does not receive final approval, Molina will not be entitled to any refund of any costs paid for Class Notice. The certification of the Settlement Class for settlement purposes will not be considered as a factor in connection with any subsequent litigation of class certification issues.

23. No Admission of Liability. The Settlement Agreement and any and all negotiations, documents, and discussions associated with it, including, but not limited to, confirmatory discovery, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing by the Released Parties, or the truth of any of the claims. Evidence relating to the Settlement Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Settlement Agreement, this Opinion and Order, and the Final Approval Order.

24. Reasonable Procedures to Effectuate the Settlement. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Opinion and Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice and Claim Form and other exhibits that they jointly agree are reasonable and necessary and do not materially alter the terms of the proposed Settlement. The Court reserves

the right to approve the Settlement Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the members of the Class.

25. <u>Schedule of Future Events</u>. Accordingly, the following are the deadlines by which certain events must occur:

| | |
|---|---|
| **June 11, 2019** | **Deadline to Provide Class Notice** |
| **July 28, 2019** | **Deadline for Filing of Motion for Final Approval and Class Plaintiff's Motion for Attorney Fees and Incentive Awards** |
| **August 11, 2019** | **Deadline for Settlement Class Members to Submit Claim Form** |
| **August 11, 2019** | **Deadline to File Objections or Submit Requests for Opt-Out/Exclusion** |
| **August 14, 2019** | **Deadline for Parties to File the Following:**<br>**(1) List of Persons Who Made Timely and Proper Requests to Opt-Out/Be Excluded;**<br>**(2) Proof of Class Notice; and**<br>**(3) Plaintiff's Motion and Memorandum in Support of Final Approval, including responses to any Objections.** |
| **August 21, 2019** | **Deadline for Defendant to File a Motion and Memorandum in Support of Final Approval (Optional)** |
| **August 28, 2019 at 9:30 a.m.** | **Final Approval Hearing** |

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED** that the prior motion for class certification (Dkt. # 83) is **moot**, without prejudice to reinstatement if the Class Settlement is not approved.

**IT IS FURTHER ORDERED** that plaintiff's counsel shall notify the Court **within thirteen (13) days of this Opinion and Order**, by written pleading, of the name and contact information for the selected Claims Administrator.

**DATED** this 22nd day of May, 2019.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE