IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DR. SAM LEBARRE HORTON, on behalf of himself and all other entities and persons similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> MOLINA HEALTHCARE, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 4:17-CV-0266-CVE-JFJ |

**FINAL APPROVAL ORDER AND JUDGMENT**

Before the Court are the Representative Plaintiff's motion for approval of attorney fees, expenses, and incentive award (Dkt. # 119), and Representative Plaintiff's motion for final approval of class action settlement (Dkt. # 121). The Court, having held a final approval hearing on August 28, 2019, notice of the hearing having been duly given in accordance with this Court's Order (1) Conditionally Certifying a Settlement Class, (2) Preliminarily Approving Class Action Settlement, (3) Approving Notice Plan, and (4) Setting Final Approval Hearing (the "Preliminary Approval Order") (Dkt. ## 113, 115), and having considered all matters submitted to it at the final approval hearing and otherwise, and finding no just reason for delay in entry of this Final Approval Order and Judgment and good cause appearing therefor,

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:**

1. The Settlement Agreement dated April 18, 2019, including its Exhibits (the "Agreement"), and the definition of words and terms contained therein are incorporated by reference and are used hereafter. The terms and definitions of this Court's Preliminary Approval Order (Dkt. ## 113, 115) are also incorporated by reference in this Final Approval Order and Judgment.

2. This Court has jurisdiction over the subject matter of the Action and over the Parties, including all Settlement Class Members with respect to the Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order, as follows:

> All persons with cases and claims against Molina arising out of the sending of unsolicited facsimiles in connection with Molina's network builds by Southwest Medical Consulting, LLC for the class period from April 12, 2013 to the present. Excluded from the Settlement Class are Molina, and any affiliate, subsidiary or division of Molina, along with any employees thereof, and any entities in which any of such companies have a controlling interest; Southwest, along with any employees or owners thereof; as well as all persons who validly opt-out of the Settlement Class.

3. The Court hereby finds that the Settlement Agreement is the product of arms' length settlement negotiations between the parties facilitated by a third-party neutral mediator.

4. The Court hereby finds and concludes that Class Notice was disseminated to persons in the Settlement Class in accordance with the terms of the Settlement Agreement.

5. The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best means of providing notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the Settlement Class who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement Agreement and this Final Approval Order and Judgment.

6. The Court hereby fully and finally approves the Settlement Agreement and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure.

7. This Court hereby dismisses this Action, with prejudice, without costs to any party, except as expressly provided for in the Agreement.

8. On final approval of this settlement (including, without limitation, the exhaustion of any judicial review, or requests for judicial review, from this Final Approval Order and Judgment), the Plaintiffs and each and every one of the Settlement Class Members unconditionally, fully and finally release and forever discharge the Released Parties from the Released Claims. In addition, any rights of Plaintiffs and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws will be terminated.

9. Plaintiffs and each and every Settlement Class Member, and any person actually or purportedly acting on behalf of Plaintiffs or any Settlement Class Member, are hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative, or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Approval Order and Judgment and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

10. The Settlement Agreement (including, without limitation, its Exhibits), and any and all negotiations, documents, and discussions associated with it, including, but not limited to, confirmatory discovery, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing by Molina, or of the truth of any of the claims asserted in the Action, and evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding,

except for purposes of enforcing the terms and conditions of the Settlement Agreement, the Preliminary Approval Order, and/or this Final Approval Order and Judgment.

11. If for any reason the Settlement Agreement is terminated or the Effective Date does not occur, the Settlement Agreement and all proceedings in connection with the Agreement shall be without prejudice to the right of the Released Parties, including Molina or Plaintiff, to assert any right or position that could have been asserted if the Settlement Agreement had never been reached or proposed to the Court, except insofar as the Settlement Agreement expressly provides to the contrary. In such an event, the Parties shall return to the *status quo ante* in the Action and the certification of the Settlement Class shall be deemed vacated and shall be of no further force and effect. The certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent litigation of class certification in this Action or any other action or proceeding. In addition, in such an event, the Settlement Amount, including any monies advanced prior to final approval for settlement administration but not yet spent, shall be returned to Molina with all applicable interest, except that in the event the Settlement Agreement does not receive final approval, Molina will not be entitled to any refund of any costs paid for class notice.

12. In the event that any provision of the Settlement Agreement or this Final Approval Order and Judgment is asserted by the Released Parties, including Molina, as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action, or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or

assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Settlement Agreement, this Final Approval Order and Judgment, and this Court's authority to effectuate the Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

13. By incorporating the Settlement Agreement and its terms herein, the Court determines that this Final Approval Order and Judgment complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

14. The Court approves the required and necessary cy pres distribution in accordance with terms of the Settlement Agreement (¶ III.E.), which is to be split equally (50%/50%) between the Latino Community Development Agency and the Association of American Indian Physicians.

15. The Court finds that Representative Plaintiff's motion for approval of attorney fees, expenses, and incentive award (Dkt. # 119) is fair, reasonable, and without objection and is hereby **granted**. The Court therefore awards $1,166,667 in attorney fees, reimbursement of expenses incurred in the prosecution of the case in the amount of $57,003.42, and an incentive award for Representative Plaintiff in the amount of $15,000.

16. Based on all of the foregoing, the Representative Plaintiff's motion for final approval of class action settlement (Dkt. # 121) is **granted**. The Court gives final approval of the Settlement, determines that adequate notice was provided to the Class in conformity with the Court's Preliminary Approval Order (Dkt. ## 113, 115), Federal Rule of Civil Procedure

23(c)(2)(B), and due process, and hereby enters this Final Approval Order and Judgment.

**DATED** this 28th day of August, 2019.

                                          _____
                                          CLAIRE V. EAGAN
                                          UNITED STATES DISTRICT JUDGE